**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| KEVIN WILLIAM CASSADAY, | Case No. 1:26-cv-10124 |
| *Plaintiff*, | Thomas L. Ludington<br>United States District Judge |
| v. | |
| STATE OF MICHIGAN, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |

_____/

## REPORT AND RECOMMENDATION TO DISMISS CASE *SUA SPONTE* AND TO ENJOIN PLAINTIFF FROM FILING FUTURE CASES

### I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** this case *sua sponte* under 28 U.S.C. § 1915(e)(2).  **IT IS FURTHER RECOMMENDED** the Court **ENJOIN** Cassaday from filing further actions without leave of court.

### II.   REPORT

#### A.   Background

Plaintiff, proceeding *pro se*, initiated this lawsuit on January 12, 2026.  (ECF No. 1).  On January 16, the Court granted Cassaday's application to proceed *in forma pauperis* (IFP) (ECF No. 5), meaning his case must now be screened in accordance with 28 U.S.C. § 1915(e)(2).  The same day, the Court referred this matter to the

1

Undersigned for all pretrial matters.  (ECF No. 6).

Although his complaint is difficult to follow, it appears Cassaday is suing the State of Michigan, alleging several state laws are unconstitutional (and that the repeal of one law was unconstitutional).  (ECF No. 1).  He also lists 19 cases he has filed in the Michigan Court of Claims[1] and informs the Court that he has been blocked from filing any civil actions in any court in the state of Michigan for being a vexatious litigant.  (ECF No. 1, PageID.10–11).

Cassaday has already been warned in the Eastern District of Michigan that further frivolous complaints would result in a "recommend[ation] that he be enjoined . . . from filing lawsuits without first obtaining the Court's permission." *Cassaday v. Verizon Media Inc.*, No. 25-cv-10276, 2025 WL 763571, at *2 (E.D. Mich. Feb. 10, 2025), *report and recommendation adopted*, 2025 WL 636320, at *1 n.1 (E.D. Mich. Feb. 27, 2025).  Additionally, Cassaday has been enjoined from filing lawsuits IFP in the Western District of Michigan after filing 25 frivolous lawsuits that failed to state a claim.  *Cassaday v. United States Government*, No. 21-cv-708, 2021 WL 3928669, at *2 (W.D. Mich. Sept. 2, 2021), *affirmed*, 2022 WL 14486299 (6th Cir. Oct. 6, 2022).

---

[1] The Michigan Court of Claims is a "[c]ourt of statewide limited jurisdiction to hear and determine all civil actions filed against the State of Michigan and its agencies."  Court of Claims, https://www.courts.michigan.gov/courts/court-of-claims/?r=1 (last visited Jan. 21, 2026).

**B.** **Legal Standard**

Because Plaintiff is proceeding IFP, he has subjected this case to the screening standards in 28 U.S.C. § 1915(e)(2)(B).  Under § 1915, a court may *sua sponte* review the complaint and dismiss claims or defendants before service of process if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, a "court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [their] claims that would entitle [them] to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action."  *Id.*

When a plaintiff proceeds without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by

an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### C.    Analysis

This action should be dismissed as frivolous. The first four pages of Cassaday's complaint consist of quotations from the three allegedly unconstitutional laws and the First Amendment to the United States Constitution. (ECF No. 1, PageID.5–8). The next page consists of "questions of law." (*Id.* at PageID.9). The body of the complaint, titled "standing," lists his prior frivolous cases before the Michigan Court of Claims and Court of Appeals; alleges the laws at issue are designed to obstruct people from filing claims against Michigan; and alleges the repeal of one Michigan law was intended to incite Native Indians to war. (*Id.* at PageID.10–12). Cassaday's conclusion section summarizes his four claims:

> 1. The Notice of Intent law is being used to obstruct the people in violation of the First US Amendment that Congress shall make no law, prohibiting the free exercise thereof, the right of the people, to petition the government for redress of grievances. (abridged)
>
> 2. MI Congress has enacted rules in violation of the foundational First Bill of Rights of the people.
>
> 3. The Courts requiring an administrator of oaths for the people, and not the State, to which its powers are derived from the people, weakens the courts image, as they themselves have the authority, if proven not 'true and correct' to hold those individuals accountable for false claims, but since the State does not have to do the same it leaves a different standard open for abuse by the State.

4

4. The State of Michigan is running a war on the Native Indian population for the US Government.

(*Id.* at PageID.13).

Initially, the Undersigned notes that Cassaday has a history of similar lawsuits with respect to a war on Native Americans. *See Cassaday*, 2022 WL 14486299, at *1 ("The complaint asserted that Cassaday had been discriminated against 'by the systematic targeting of natives here in America' and that he had 'been targeted since [the] approval of his social security case, systematically to take him out.'"). These types of claims are the quintessential "fantastic or delusional scenarios" meant to be weeded out under § 1915. *Krusell v. Biden*, No. 21-cv-484, 2021 WL 3489613, at *1 (W.D. Mich. Aug. 9, 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)). This claim should thus be dismissed as frivolous.

As for his other claims, Cassaday has failed to allege facts sufficient to make his claims "plausible" rather than merely "possible." *Twombly*, 550 U.S. at 570. At first glance, the complaint appears to argue that his vexatious litigant status before Michigan courts is unconstitutional. However, upon closer review, Cassaday seems to be arguing Mich. Comp. Laws § 600.6431 (2020) is unconstitutional. This statute requires the filing of a notice of intent to file a claim prior to the initiation of a lawsuit. But Cassaday fails to allege any specific facts that make it plausible that

this law unconstitutionally interferes with his First Amendment right to petition the Government for a redress of grievances.  The closest he comes is by saying this law can delay a remedy by up to six months.  (ECF No. 1, PageID.11).

There has been some question as to the notice provision's constitutionality under the right to equal protection.  *Compare Reich v. State*, 204 N.W.2d 226, 228 (Mich. Ct. App. 1972) (finding notice provision unconstitutional), *with Horner's Trucking Serv., Inc. v. Mich. State Highway Dep't*, 236 N.W.2d 122, 124 (Mich. Ct. App. 1975) (finding notice provision constitutional).  However, Cassaday's allegation of potential delay by up to six months does not rise to a First Amendment claim.

"[T]he statutory notice requirement of § 6431 does not preclude [a lawsuit], it just contains a procedural mechanism for bringing such a claim." *Rusha v. Dep't of Corr.*, 859 N.W.2d 735, 739 n.3 (Mich. Ct. App. 2014).  In *Rusha*, the Michigan Court of Appeals discussed § 6431 in detail:

> Plaintiff's argument ignores a long line of *published* cases recognizing the Legislature's constitutional authority to enact procedural rules governing constitutional claims.
>
> Indeed, it is well established that the Legislature may impose reasonable procedural requirements, such as a limitations period, on a plaintiff's available remedies even when those remedies pertain to alleged constitutional violations.  This ability to set reasonable procedural requirements is broadly construed and encompasses legislation supplemental to constitutional provisions that are self-executing.  The only limitation, unless otherwise expressly indicated, on legislation supplementary to self-executing constitutional provisions

is that the right guaranteed shall not be curtailed or any undue burdens placed thereon.

.   .   .

[T]he question becomes whether the six-month statutory notice of § 6431(3) curtails or places an undue burden on the right to be free from its infliction. It does not. *The only burden § 6431(3) places on the assertion of a personal injury claim against the state—constitutional or otherwise—is a six-month filing deadline. This is a minimal imposition*, especially considering that § 6431 allows the filing of statutory notice in lieu of filing an entire claim. *The statutory notice requirement does not abrogate a substantive right, but rather provides the framework within which a claimant may assert that right.* Notice provisions like this one generally give the state time to investigate and to appropriate funds for settlement purposes, while simultaneously allowing the claimant to retain the full benefit of the applicable limitations period. In other words, statutory notice, like a statute of limitations, *is a procedural rather than substantive rule*.

On this point, it bears emphasis that Michigan courts routinely enforce statutes of limitations where constitutional claims are at issue. . . . *The exception to enforcement lies where it can be demonstrated that statutes of limitations are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts* intended by the grant of the substantive right.

We see no reason—and plaintiff has provided none—to treat statutory notice requirements differently. Indeed, although statutory notice requirements and statutes of limitations do not serve identical objectives, both are *procedural* requirements that ultimately restrict a plaintiff's remedy, but not the substantive right. . . .

Here, it can hardly be said that application of the six-month notice provision of § 6431(3) effectively divested plaintiff of the ability to vindicate the alleged constitutional violation or otherwise functionally abrogated a constitutional right. Again, plaintiff waited nearly 28 months to file his claim. *But § 6431(3) would have permitted him to file a claim on this very timeline had he only provided notice of his intent to do so within six months of the claim's accrual.* Providing such

7

notice would have imposed only a minimal procedural burden, which in any event would be significantly less than the minor practical difficulties facing those who need only make, sign and file a complaint within six months. To be sure, providing statutory notice requires only ordinary knowledge and diligence on the part of the injured and his counsel, and there is no reason for relieving them from the requirements of this statutory notice provision that would not be applicable to any other statute of limitation.

The fact that plaintiff's claim is constitutional in nature changes nothing, then, when § 6431(3) in no way abrogates the substantive constitutional protection he asserts. . . . Rather, § 6431(3) merely supplements the constitutional protection at issue by placing a reasonable, albeit minimal, burden on a plaintiff to advise the state of potential claims. For these reasons, the statutory notice requirement of § 6431(3) is reasonable and did not otherwise deprive plaintiff of any substantive, constitutional right.

*Rusha*, 859 N.W.2d at 739–43 (citation modified and emphasis added).

Here, Cassaday has failed to allege any facts showing that Michigan's notice requirement imposed any unreasonable or more than de minimis requirements on him such that his right to access the courts is unconstitutionally infringed. These claims should therefore be dismissed for failure to state a claim.

### D. Enjoined Filer

As discussed above, Cassaday has already been restricted from filing new cases in both the Western District of Michigan and all Michigan state courts. This Court has also repeatedly warned him that further frivolous lawsuits would result in a recommendation that he be enjoined from further filings. The Undersigned now recommends he be so enjoined.

Pre-filing injunctions are warranted when a particular plaintiff has a lengthy litigation history, including "frivolous, vexatious, and repeated" suits. *See Holland v. Madison Heights Police Dep't*, No. 21-CV-10629, 2023 WL 1798747, at *6 (E.D. Mich. Jan. 5, 2023), *report and recommendation adopted*, No. 21-10629, 2023 WL 1325494 (E.D. Mich. Jan. 31, 2023); U.*S. ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995). Other relevant factors include whether the plaintiff's prior suits were filed in good faith, whether the plaintiff has been represented by counsel, and whether the plaintiff's prior suits "posed an unnecessary burden on the courts and their personnel." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940, n. 18 (6th Cir. 2002); *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *4 (E.D. Mich. Nov. 25, 2014). And . . . "an injunction is proper [only] 'where the litigant's abusive and lengthy history is properly set forth.'" *Scott*, 2014 WL 6675354, at *3 (quoting *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir.2013)).

*Groulx v. Takeda Pharm. Co.*, No. 24-cv-12000, 2025 WL 415746, at *5 (E.D. Mich. Feb. 6, 2025). The Sixth Circuit has also cited with approval[2] a four-part requirement from the Ninth Circuit for a district court to follow when imposing a vexatious litigant order:

(1) provide notice to the plaintiff; (2) create an adequate record for review including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the order to closely fit the specific vice encountered.

---

[2] However, the Sixth Circuit has never strictly held these factors must be met. *See Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160, at *5 (6th Cir. Sept. 9, 2021) ("To the extent that *Clemons* sets forth requirements that must be met before a litigant may be declared vexatious, those requirements have been met here."); *Gray v. United States*, No. 23-3723, 2025 WL 40818, at *2 (6th Cir. Jan. 3, 2025) ("In some cases, we have found [the requirements listed in *Clemons*].").

9

*Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. 2019) (quoting

*De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)) (citation modified);

*see also Gray v. United States*, No. 23-3723, 2025 WL 40818, at *2 (6th Cir. Jan. 3,

2025) (requiring notice and an opportunity to be heard).

The Undersigned thus sets forth Cassaday's abusive and lengthy history of

frivolous litigation before this Court.  As will be shown in the below table, Cassaday

has been given notice at least four times that further frivolous filings in this Court

would result in an order enjoining him from further filings without leave of court.

This action was filed less than three months after these multiple warnings.  To the

extent Cassaday must be given an opportunity to respond to the recommended

sanctions, he may file objections to this report and recommendation.

| Case Name | Case No. | Background | Status |
|---|---|---|---|
| Cassaday v. FBI | E.D. Mich. 22-10909 | Plaintiff sued the FBI, asserting a U.S. marshal and FBI agent came to his home in September 2021 and left after he told them to leave. They returned and arrested him, hurting him. | Dismissed for failure to pay filing fee or seek IFP status (ECF No. 8); IFP status denied on appeal under three strikes rule (ECF No. 14). |
| Cassaday v. Fed. Defenders Off., et al. | E.D. Mich. 22-10801 | Plaintiff alleged he was being denied effective assistance of counsel in ongoing criminal prosecution. | Dismissed for failure to pay filing fee or seek IFP status (ECF No. 7); appeal dismissed as late (ECF No. 12). |
| Cassaday v. Dow Chem. Co. | E.D. Mich. 22-11555 | Plaintiff alleged he has been continually harassed by defendants since a 2012 failed | Dismissed for failure to state a claim (ECF No. 9); |

| | | workers' compensation claim. | appeal dismissed as late (ECF No. 21). |
|---|---|---|---|
| Cassaday v. Verizon Media Inc., et al. | E.D. Mich. 25-10276 | Plaintiff alleged Verizon was switching his fonts to cursive when emailing his mother, which led to criminal prosecution and the destruction of his marriage. | Warning issued that further frivolous complaints would result in enjoined filing status (ECF No. 7); complaint dismissed as incomprehensible and frivolous (ECF No. 11); affirmed on appeal (ECF No. 15). |
| Cassaday v. Dow Chem. Co. | E.D. Mich. 25-50020 | Plaintiff filed a motion seeking to appeal a state court decision classifying him as a vexatious litigant. | Motion denied and case closed for failing to file a complaint, and listed other frivolous cases Plaintiff has filed (ECF No. 6). |
| Cassaday v. State of Michigan, et al. | E.D. Mich. 25-10419 | Plaintiff was aggrieved by Michigan state officials' actions related to medical marijuana. | Dismissed for failure to state a claim (ECF No. 6). |
| Cassaday v. Trump, et al. | E.D. Mich. 25-13075 | Plaintiff sued several government officials for $37 trillion for covering up ties with Russians, the truth of COVID, and other issues. | Dismissed pursuant to sovereign immunity and expressly warning Plaintiff that "continued submission of frivolous or duplicative lawsuits will result in an order barring further filings without prior leave of court," (ECF No. |

11

| | | | 5). |
|---|---|---|---|
| Cassaday v. U.S. Dist. Ct., W. Dist. Mich., et al. | E.D. Mich. 25-13076 | Plaintiff alleged several courts had blocked him and alleged First Amendment violations. | Dismissed pursuant to sovereign immunity and expressly warning Plaintiff that "continued submission of frivolous or duplicative lawsuits will result in an order barring further filings without prior leave of court," (ECF No. 5). |
| Cassaday v. Trump | E.D. Mich. 25-13074 | Plaintiff sued Donald Trump for $40 trillion in damages for the "war" he has waged on the United States, among other things. | Dismissed pursuant to sovereign immunity and expressly warning Plaintiff that "continued submission of frivolous or duplicative lawsuits will result in an order barring further filings without prior leave of court," (ECF No. 6). |

Cassaday has thus filed at least eight frivolous lawsuits in this Court alone. He has been put on notice at least four times by this Court that further frivolous filings would result in an injunction against him. In addition, Cassaday has several other matters pending. *See In re Cassaday*, No. 25-mc-51415 (E.D. Mich.)

(emergency motion for writ of mandamus); *Cassaday v. Comm'r of Soc. Sec.*, No. 25-cv-13994 (E.D. Mich.) (petition for writ of mandamus); *Cassaday v. State of Michigan, et al.*, No. 25-cv-12576 (E.D. Mich. Nov. 5, 2025) (report and recommendation to dismiss as frivolous and for failure to state a claim); *Cassaday v. Roskey, et al.*, No. 25-cv-1171 (W.D. Mich.) (alleging injury during arrest and from poisoning by State of Michigan and seeking $20 billion in damages).

Furthermore, Cassaday has filed numerous other frivolous lawsuits in other courts. *See Cassaday*, 2021 WL 3928669, at *2 (detailing Cassaday's 25 frivolous lawsuits filed in one month in 2021 in the Western District of Michigan, none of which "contain[ed] sufficient details or facts to state a claim"). Plaintiff attempted to continue filing—and was rejected from filing—new cases in the Western District of Michigan after he was enjoined from doing so. *See Generally Orders Rejecting Not Linked to a Case*, No. 21-mc-02021 (W.D. Mich.) (showing roughly 30 orders rejecting attempted filings by Plaintiff after injunction entered); *Orders Rejecting Not Linked to a Case*, No. 22-mc-2022 (W.D. Mich.) (showing eight rejected attempted filings); *see also Cassaday v. Comm'r of Soc. Sec.*, No. 22-cv-334 (W.D. Mich.) (dismissed for failure to pay filing fee or seek IFP status); *Cassaday v. U.S. Dist. Ct. W. Dist. Mich.*, No. 22-cv-394 (W.D. Mich.) (same); *Cassaday #71417-509 v. Sparrow Health System, et al.*, No. 22-cv-333 (W.D. Mich.) (same); *Cassaday #71417-509 v. United States of America*, No. 22-cv-393 (W.D. Mich.) (same);

13

*Cassaday v. Pure Options, et al.*, No. 22-cv-532 (W.D. Mich.) (dismissed claims about medical marijuana purveyors creating hardships in his life and marriage as frivolous); *Cassaday v. Food and Drug Admin.*, No. 22-cv-558 (W.D. Mich.) (dismissed claims of COVID vaccine conspiracy as frivolous); *Cassaday v. Trump, et al.*, No. 22-cv-682 (W.D. Mich.) (dismissed claims that Donald Trump committed crimes for failure to state a claim); *Cassaday #71417-509 v. Newaygo Cnty. Jail*, No. 22-cv-683 (W.D. Mich.) (dismissing claims of poor conditions of confinement for failure to state a claim); *Cassaday v. Shirkey, et al.*, No. 22-cv-771 (W.D. Mich.) (dismissed under three-strikes rule); *Cassaday v. Unknown Party #1, et al.*, No. 22-cv-849 (W.D. Mich.) (same); *Cassaday v. Brozanski, et al.*, No. 23-cv-550 (W.D. Mich.) (same); *Cassaday #71417-509 v. Luebs, et al.*, No. 22-cv-763 (W.D. Mich.) (same); *Cassaday #71417-509 v. Wriggelsworth*, No. 22-cv-770 (W.D. Mich.) (same); *Cassaday #71417-509 v. United States of America*, No. 22-cv-783 (W.D. Mich.) (same).

Plaintiff helpfully lists at least 19 frivolous cases he filed in Michigan state courts before being enjoined from filing further cases there. (ECF No. 1, PageID.10–11). *See also* Order, *Cassaday v. Dow Chem. Co.*, No. 356480 (Mich. Ct. App. July 14, 2021) (directing clerk to reject any filings by Cassaday in any non-criminal matter until he has paid $500 sanction for "abusive and indecent filings").

Finally, Plaintiff has filed several cases outside of Michigan which have been

14

similarly dismissed.  *See, e.g.*, *Cassaday v. Pfizer Inc.*, No. 21-cv-8886, 2021 WL 5166890 (S.D.N.Y. Nov. 5, 2021) (dismissing "irrational" claim about COVID vaccine as frivolous and warning Cassaday that further frivolous litigation would result in an order barring him from filing new actions); *Cassaday v. United States*, No. 24-550, 2024 WL 2239302 (Fed. Cl. May 17, 2024) (dismissing for failure to pay filing fee or seek IFP status and, in the alternative, for lack of jurisdiction, and directing clerk to reject future non-rule-compliant submissions in that case); *Cassaday v. United States*, No. 2024-2072, 2024 WL 4554022 (Fed. Cir. Oct. 23, 2024) (affirming dismissal for failure to pay filing fee or seek IFP status); *Cassaday v. Sec'y of Health and Hum. Servs.*, No. 25-1438V, 2025 WL 3113692 (Fed. Cl. Oct. 6, 2025) (denying motion for reconsideration of order dismissing case under Vaccine Act for failure to state a claim); *Cassaday v. Fed. Bureau of Prisons, N. Cent. Reg'l Off.*, No. 25-cv-3219, 2025 WL 3451730 (D. Kan. Dec. 1, 2025) (dismissing claims for lack of jurisdiction after Plaintiff failed to respond to show cause order); *Cassaday v. United States*, No. 25-1238C, 2025 WL 3561801 (Fed. Cl. Dec. 11, 2025) (dismissing claims regarding repeated dismissals of his claims in Michigan federal courts for lack of jurisdiction).

The Southern District of New York has recently dismissed another of Cassaday's cases as frivolous, and (as noted above) it had previously warned Cassaday that he would be subject to a pre-filing injunction if he filed another

15

frivolous case. *Cassaday v. Verizon Inc.*, No. 25-cv-9251, 2025 WL 3282299 (S.D.N.Y. Nov. 25, 2025). He has now been ordered "to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint." *Id.* at *3 ("If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.") (collecting cases). The injunction has not yet been entered as of the date of this report and recommendation, though the Undersigned notes Cassaday's only response did not pertain to the show cause and instead rehashed facts from his complaint.

The multitudinous frivolous filings by Plaintiff has caused courts across the state—and country—to incur considerable costs, expend numerous hours, and has distracted many judges and court employees from other matters. Plaintiff should now be enjoined from filing further lawsuits without obtaining leave of court. *See, e.g.*, *Chance v. Todd*, 74 F. App'x 598, 600 (6th Cir. 2003) (affirming filing injunction when plaintiff was a "prolific litigant who has filed at least four frivolous lawsuits"); *Scott*, 2014 WL 6675354 (issuing pre-filing injunction where plaintiff had previously been enjoined in state and federal courts).

The Undersigned thinks a broad injunction against Plaintiff—which would

nevertheless still permit the filing of non-frivolous lawsuits—would be appropriate in this case and for this Plaintiff.  This Court has previously discussed situations where

> some federal courts have vacated prefiling injunctions which—like the one contemplated here—enjoined plaintiffs from making "any and all" filings without first obtaining leave of court.  *See, e.g.*, *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004).  But the plaintiffs in those cases cabined their frivolous filings to one group of defendants or one type of claim, so those courts held the injunctions should be similarly cabined. *See, e.g. Safir*, 792 F.2d at 25 (modifying injunction to prevent plaintiff from further filings regarding specific defendants' "pricing practices or merchant marine subsidies during the 1965–1966 period without first obtaining leave"); *Cromer*, 390 F.3d at 818–19 (remanding for district court to issue a more narrowly tailored injunction because "all of [plaintiff's] filings . . . concerned his single case against" a specific defendant).  Unlike the plaintiffs in those cases, Plaintiff here has sued Defendants ranging from the Saginaw County Road Commission to the People's Republic of China.  Plaintiff's claims have historically ranged from tortious negligence to various violations of his federal constitutional rights and have sporadically involved herbicide exposure, TikToks, medical records, product liability labels, plasma donations, ditch digging, and railroad-track laying.

*Groulx*, 2025 WL 415746, at *6 n.7.

Like Groulx, Cassaday has sued a wide variety of defendants, ranging from municipal, state, and federal governments, courts, agencies, and employees, to wireless carriers, chemical companies, and numerous others.  His claims are similarly broad, alleging poisonings, false arrest, the malicious changing of fonts in his emails, and other varied, frivolous, and fanatical claims.  A broad injunction is therefore warranted.  This includes a recommendation to enjoin Plaintiff "from filing

17

*any* future actions" without first obtaining leave of court, which would allow this Court to *sua sponte* dismiss filings that get removed to this district or otherwise end up here even when not first filed in this Court. *See, e.g.*, *Sandles v. McQuade*, No. 13-cv-10663, 2013 WL 1438687, at *1 (E.D. Mich. April 9, 2013) (dismissing case removed from state court where federal court had previously enjoined plaintiff "from filing any future actions without first seeking leave of court"), *affirmed sub nom*, *Sandles v. Chastang*, No. 12-1871/1872 (6th Cir. May 1, 2013) (unpublished) (affirming dismissal of case removed from state court for failure to seek leave to file even though not challenged on appeal), *cert. dismissed*, 572 U.S. 1085 (2014); *see also Muhammad v. Gap, Inc.*, No. 24-cv-3676, 2025 WL 3558475, at * (S.D. Ohio Dec. 10, 2025) (imposing restrictions on filings, including certain conditions on any case that subsequently gets removed from state court to federal court), *appeal filed*, No. 25-3983 (6th Cir.). Plaintiff has shown he is a prolific litigant—and has been declared vexatious—in multiple courts throughout the state of Michigan and the country. It is clear Plaintiff continues to persist in attempting to file frivolous cases even in courts that have previously enjoined him. The Court needs all available tools to prevent Plaintiff from circumventing the multiple injunctions against him. Therefore, a broad injunction against filing "any future actions" without leave of court is necessary here.

### D.     Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** this case *sua sponte* under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** the Court **ENJOIN** Plaintiff from filing any future actions without first seeking and obtaining leave of court by filing either (1) a certificate from a licensed attorney averring a good faith basis for Plaintiff's proposed complaint, or that such proposed complaint is not frivolous; or (2) a motion for leave to file containing a copy of the proposed complaint itself for screening by the Court.  The Court may deny any motion for leave to file if it does not comply with the above requirements or if the proposed filing is frivolous, vexatious, or harassing.  If the motion is denied, the proposed filing shall not be accepted for filing.  Further, the failure in any way to comply fully with the terms of the injunction shall be sufficient grounds to deny any motion for leave to file.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 2, 2026                    s/PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge