UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILLIAM CASSADAY,

                Plaintiff,                        Case No. 1:26-cv-10124

v.                                       Honorable Thomas L. Ludington
                                          United States District Judge

STATE OF MICHIGAN,

                                      Honorable Patricia T. Morris
                Defendant.                United States Magistrate Judge

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) OVERRULING PLAINTIFF's OBJECTIONS; (3) DENYING PLAINTIFF'S MOTION FOR PACER FEE EXEMPTIONS; (4) DISMISSING PLAINTIFF'S COMPLAINT; AND (5) ENJOINING PLAINTIFF**

On January 12, 2026, Plaintiff Kevin William Cassaday, proceeding *pro se*, filed his Complaint within which he sues the state of Michigan seemingly alleging that several state laws are unconstitutional. Additionally, he lists 19 cases he has filed in the Michigan Court of Claims and informs the Court that he has been blocked from filing civil actions in any court in the state of Michigan for being a vexatious litigant.

On January 16, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), and that same day referred the case and all matters to Magistrate Judge Patricia T. Morris. Because Plaintiff proceeds IFP, Judge Morris screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). In so doing, Judge Morris issued a report (R&R) recommending that this Court dismiss Plaintiff's Complaint. On February 9, 2026, Plaintiff timely objected to the R&R. For the reasons explained below, Plaintiff's Objections will be overruled, Judge Morris's R&R will be adopted, Plaintiff's Complaint will be dismissed with prejudice, Plaintiff's Motion for

Pacer Fee Exceptions will be denied as moot, and Plaintiff will be enjoined from further filings in the Eastern District of Michigan.

## I.

### A.

The facts of the Complaint are difficult to follow. It appears that Plaintiff is suing the state of Michigan because he believes several state laws to be unconstitutional. *See generally* ECF No. 1. It is also unclear what claims he asserts, other than a nebulous "VIOLATION OF The US First Constitutional Amendment" claim. ECF No. 1 at PageID.8 (emphasis in original).

### B.

On January 16, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), ECF No. 5, and that same day referred the case and all matters Magistrate Judge Patricia T. Morris, ECF No. 6. Magistrate Judge Morris screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)'s IFP procedures. *See* ECF No. 7 at PageID.27. And on February 2, 2026, Judge Morris issued an R&R recommending that this Court *sua sponte* dismiss Plaintiff's Complaint for failure to state a claim because Plaintiff's claims are "frivolous," summarizing Plaintiff's claims as follows:

> The first four pages of Cassaday's complaint consist of quotations from the three allegedly unconstitutional laws and the First Amendment to the United States Constitution. The next page consists of "questions of law." The body of the complaint, titled "standing," lists his prior frivolous cases before the Michigan Court of Claims and Court of Appeals; alleges the laws at issue are designed to obstruct people from filing claims against Michigan; and alleges the repeal of one Michigan law was intended to incite Native Indians to war.

*Id.* at PageID.30. Magistrate Judge Morris also recommended enjoining Plaintiff form further filings. *Id.* at PageID.45.

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, Judge Morris provided Plaintiff with fourteen days to object, *id.* at PageID.45–46, which Plaintiff did on February 9, 2026, ECF No. 8. Plaintiff then filed a Motion for Pacer Fee Exemptions on February 17, 2026. ECF No. 9.

## II.

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity— failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

## III.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence,

the court may accept, reject, or modify the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court adopts the R&R, then it may simply "state that it engaged in a de novo review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (*Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), aff'd, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Complaint, ECF No. 1; Plaintiff's Objections, ECF No. 8; and all other applicable filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Morris' factual conclusions and legal reasoning are correct. Thus, the R&R, ECF No. 7, will be adopted, Plaintiff's Complaint, ECF No. 1, will be dismissed with prejudice, and Plaintiff's Motion for Pacer Fee Exemptions, ECF No. 9, will be denied as moot. Further, Plaintiff will be enjoined from future filings in the Eastern District of Michigan without requesting leave from this Court.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 8, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Patricia Morris' Report and Recommendation, ECF No.7, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

- 4 -

Further, it is **ORDERED** that Plaintiff's Motion for Pacer Fee Exemptions, ECF No. 9, is **DENIED** as moot.

Further, it is **ORDERED** that Plaintiff is **ENJOINED** from filing any new federal actions in the Eastern District of Michigan without obtaining leave of court, and any action filed without leave be stricken.

Further it is **ORDERED** that to obtain leave to file a new action Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint; attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746, or a sworn affidavit, certifying that his complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith; identify and list in a second exhibit: (1) the full caption of every suit which has been previously filed by him or on his behalf in any court against every defendant in the suit that he wishes to file, and (2) the full caption of every suit which he has currently pending; (3) provide, in a third exhibit, a copy of each complaint covered by the preceding section and a certified record of its disposition, and he must serve a copy of this order on each defendant if leave to file is granted; (4) and attach the order granting the permanent injunction to any new action that he may file in any court.

Further, it is **ORDERED** that this injunction does not impair Plaintiff's ability to defend himself in any criminal action.

Further, it is **ORDERED** that the Court retains jurisdiction to modify this injunction as necessary where circumstances may change.

**This is a final order and closes the case.**

- 6 -

Dated: February 20, 2026                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge